UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD S. HACKETT, JR. and JENNIE HACKETT,<br><br>Plaintiffs,<br><br>v.<br><br>ONEWEST BANK FSB; MTC FINANCIAL, dba TRUSTEE CORPS, MAVERICK VALLEY PROPERTIES, LLC.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:12-cv-01031-MMD-VCF<br><br>ORDER<br><br>(Def. MTC's Motion to Dismiss Claims 1, 2, and 4; Def. OneWest's Motion to Dismiss – dkt. nos. 6, 10). |

**I.   SUMMARY**

Before the Court is Defendant MTC Financial Inc. dba Trustee Corps' ("MTC") Motion to Dismiss Complaint as to the First, Second, and Fourth Claims against MTC. (Dkt. no. 6.) Also before the Court is Defendant OneWest Bank's ("OneWest") Motion to Dismiss the Complaint against OneWest. (Dkt. no. 10.) For the reasons discussed below, MTC's motion is granted in part and denied in part and OneWest's motion is denied.

**II.   BACKGROUND**

This case arises from an alleged wrongful foreclosure. Plaintiffs' Complaint alleges the following facts:

In December 2006, Plaintiffs executed a Note secured by a Deed of Trust ("DOT") in favor of IndyMac Bank, FSB ("Lender") for the purchase of real property at 3825

Bowers Hollow Avenue, North Las Vegas, Nevada 89085 ("Property").[1] The recorded DOT identified IndyMac Bank FSB as the lender, Commerce Title Insurance Company ("Commerce") as the Trustee, and MERS as the beneficiary. On July 15, 2009, OneWest and MTC recorded a document purporting to replace Commerce with MTC as the substituted trustee. On December 22, 2010, MTC recorded a Notice of Default and Election to Sell under Deed of Trust. On January 18, 2011, MERS recorded an Assignment of the Deed of Trust assigning all interests in the DOT to OneWest. On August 30, 2011, OneWest recorded a Substitution of Trustee naming MTC as trustee under the DOT. On January 26, 2012, MTC recorded the Notice of Trustee's Sale and on March 20, 2012, a Trustee's Deed Upon Sale was recorded in favor of Maverick Valley Properties, LLC ("Maverick"). On April 12, 2012, Maverick instituted eviction proceedings against Plaintiffs.

Plaintiffs allege that OneWest was not a beneficiary under the DOT, MTC was not a legally appointed substituted trustee, and therefore, neither OneWest nor MTC had the power of sale. As neither had the power of sale, the Trustee's Sale was void and Maverick never gained any interest in the Property. Furthermore, Plaintiffs allege that they were not in default or failed in performance under the Note or Deed of Trust and therefore any foreclosure was unwarranted and wrongful.

Plaintiffs filed the instant action in the Eighth Judicial District for the State of Nevada asserting four claims: (1) wrongful foreclosure against OneWest and MTC, (2) cancel corrective trustee's deed upon sale against OneWest and MTC, (3) quiet title

---

[1] The Court takes judicial notice of attached copies of relevant publicly recorded documents. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201). Thus, the Court takes judicial notice of: (1) the grant, bargain, and sale deed recorded on December 22, 2006, (2) the deed of trust recorded on December 22, 2006, (3) the substitution of trustee recorded on July 15, 2009, (4) the notice of default and election to sell under deed of trust recorded on October 22, 2010, (5) an assignment of the deed of trust recorded on January 18, 2011, (6) the notice of trustee's sale recorded on January 26, 2012, and a trustee's deed upon sale recorded on March 20, 2012.

against Maverick, and (4) deceptive trade practices against MTC.  MTC removed the case to this Court pursuant to diversity jurisdiction.  Defendants OneWest and MTC move to dismiss the complaint for failure to state a claim.

### III. DISCUSSION

#### A. Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to rise above the speculative level." *Id.*  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be

dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). The Court also notes the well-established rule that *pro se* complaints are subject to "less stringent standards than formal pleadings drafted by lawyers" and should be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

### B. Analysis

MTC and OneWest move for dismissal based on failure to state a claim. MTC argues that any claim against MTC is barred by the "agent's immunity rule." Alternatively, MTC argues it has substantially complied with Nevada foreclosure statutes and that MTC had a Nevada business license during the period in question. MTC and OneWest both argue that Plaintiffs' claims fail because Plaintiffs cannot tender the undisputed amount to prevail on a wrongful foreclosure claim.

Initially, the Court rejects MTC's argument that it is shielded by the "agent's immunity rule." The agent's immunity rule is merely an extension of the intracorporate immunity doctrine. The agent's immunity rule is based on the proposition that an agent, acting within the scope of his authority, is one and the same "person" as the corporation and a corporation cannot conspire with itself. *Black v. Bank of America*, 30 Cal.App.4th 1, 4-6 (Cal. App. 1. Dist. 1994). Therefore, an agent cannot be jointly sued with the corporation under a conspiracy legal theory. MTC's reliance on this doctrine is misplaced because Plaintiffs have not alleged any conspiracy based claims. The Court turns its analysis to each claim in turn.

#### 1. Claim 1 – Wrongful Foreclosure

Plaintiffs allege wrongful foreclosure under NRS 107.080. Plaintiffs allege that neither OneWest, nor MTC, had the right to file the Notice of Default, and that they were not in default.

///

Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Federal Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). The central question is "whether the trustor was in default when the power of sale was exercised." *Id.* Contrary to both MTC and OneWest's arguments, Plaintiffs need only allege that they were not in default on their loan obligations when Defendants initiated the foreclosure proceedings. Assuming the facts in the Complaint as true, Plaintiffs have adequately alleged they were not in default[2] and therefore, OneWest, or MTC as its agent, should not have exercised the power of sale. This factual allegation in and of itself precludes dismissal of this claim.

### 2. Claim 2 – Cancel Trustee's Deed Upon Sale

Plaintiff's claim for cancellation of the Trustee's Deed Upon Sale is dismissed with prejudice as it is merely a form of relief and not a cause of action. However, should Plaintiffs prevail on their claim for wrongful foreclosure, voiding the trustee sale would be an appropriate remedy. *Berilo v. HSBC Mortg. Corp., USA*, No. 2:09-cv-02353-RLH-PAL, 2010 WL 2667218 and *3 (D. Nev. June 29, 2010).

### 3. Claim 4 – Deceptive Trade Practices

Plaintiffs allege MTC is illegally conducting business in Nevada without all required licensing. Plaintiff acknowledges that while MTC may be exempt under NRS Chapter 80.015(1)(h), MTC should not be entitled to *de facto* exemption from the licensing requirements of NRS Chapter 76.

Under Nevada law, conducting business without all required state, county or city licenses amounts to a deceptive trade practice. NRS § 598.0923(1), (3). However, Plaintiffs' claim fails because judicially noticed public records show that MTC was

---

[2]MTC takes exception with Plaintiffs' use of the words "are informed and believe." However, applying the liberal pleading standard and the less stringent standards on *pro se* complaints, Plaintiffs have at least inferentially alleged they were not in default.

licensed during the relevant time-period.[3]  Thus, the Court dismisses Plaintiffs' fourth claim without leave to amend.

**IV.     CONCLUSION**

IT IS THEREFORE ORDERED that Defendant MTC's Motion to Dismiss Complaint as to the First, Second, and Fourth Claims (dkt. no. 6.) is GRANTED in part, and DENIED in part.

IT IS FURTHER ORDERED that Defendant OneWest's Motion to Dismiss the Complaint against OneWest (dkt. no. 10) is DENIED.

DATED THIS 3rd day of December 2012.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] As explained above, the Court may take judicial notice of the records of state agencies.  Here, the Court takes judicial notice of MTC's foreign corporation business license on the Nevada Secretary of State business entity search website, *available at* https://nvsos.gov/sosentitysearch/.