1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

DONALD S. HACKETT, JR. and JENNIE HACKETT,

Plaintiffs,

v.

ONEWEST BANK FSB; MTC FINANCIAL, dba TRUSTEE CORPS, MAVERICK VALLEY PROPERTIES, LLC.; and DOES 1-10, inclusive,

Defendants.

Case No. 2:12-cv-1031-APG-VCF

**ORDER**

MTC Financial ("MTC") has responded in writing after being ordered to show cause as to why the Court should not remand this case to state court for lack of subject matter jurisdiction. For the reasons discussed below, the Court remands this case to state court.

**I.     BACKGROUND**

This case arises from an alleged wrongful foreclosure. Plaintiffs filed a Complaint in the Eighth Judicial District for the State of Nevada asserting four claims: (1) wrongful foreclosure against OneWest FSB ("OneWest") and MTC, (2) cancel corrective trustee's deed upon sale against OneWest and MTC, (3) quiet title against Maverick Valley Properties, LLC ("Maverick"), and (4) deceptive trade practices against MTC.[1]  The caption of the Complaint did not mention Maverick, but the body of the Complaint listed Maverick as a party and made a quiet title claim

---

[1] The Court has since dismissed Plaintiff's second and fourth claims. (Dkt. no. 19).

1  against it.  MTC removed the case to this Court pursuant to diversity jurisdiction.  MTC failed to
2  list Maverick as a Defendant, to inform the Court of Maverick's citizenship, and to serve
3  Maverick with the petition for removal.  Because MTC had not filed the notice of removal in the
4  state court docket, Maverick was unaware of the removal, and filed a motion to dismiss in state
5  court.  Maverick has since appeared in this Court and Plaintiffs have requested a ruling on
6  Maverick's motion to dismiss filed in state court.

7        The Court ordered MTC to show cause why this case should not be remanded for lack of
8  jurisdiction and clarify for the court: (1) whether Maverick is a proper party in this case, (2)
9  Maverick's citizenship, and (3) whether Maverick is a necessary party under FRCP 19.  In
10  response, MTC argues Maverick is technically a non-party because Nevada and Federal Rules of
11  Civil Procedure 10(a) require Plaintiff to list all parties in the caption and Maverick was not
12  listed. Second, MTC concedes that Maverick is a Nevada corporation whose presence would
13  destroy diversity jurisdiction. Last, MTC argues Maverick is not a necessary party because it
14  would not be prejudiced by remaining a non-party.

15  **II.     DISCUSSION**

16        Federal courts are courts of limited jurisdiction.  *Owen Equip. & Erection Co. v. Kroger*,
17  437 U.S. 365, 374 (1978).  "A federal court is presumed to lack jurisdiction in a particular case
18  unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville
19  Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Thus, federal subject matter jurisdiction must exist at
20  the time an action is commenced.  *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d 949,
21  952 (D. Nev. 2004).  A district court may *sua sponte* raise the issue of subject matter jurisdiction
22  and must dismiss a case if no subject matter jurisdiction exists.  Fed. R. Civ. P. 12(h).  Because
23  subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and
24  district courts have an obligation to satisfy jurisdictional questions.  Fed. R. Civ. P. 12(b)(1);
25  *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

26        Naming each party in the caption of the complaint is required under the Federal Rules of
27  Civil Procedure. FRCP 10(a).  However, in broadly construing Plaintiffs' *pro se* Complaint, the
28

1    court looks to the body of the Complaint to determine whom the Plaintiffs intended to name as

2    defendants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of the *pro se*

3    complaint to less strict standards than formal pleadings drafted by lawyers); *see also Woodruff v.*

4    *Mueller*, No. C 02–3307 VRW, 2004 WL 724886 *1 (N.D.Cal. March 24, 2004).

5         In liberally construing Plaintiffs' *pro se* Complaint, it is clear that Plaintiffs intended to

6    name Maverick as a defendant in this case but inadvertently omitted it from the caption. As

7    evidence of their intent, Plaintiffs explicitly named Maverick as a party in the body of the

8    Complaint and stated a discrete quiet title claim against Maverick. Moreover, based on the

9    documentation MTC attached to its response, Maverick was served and appeared in state court by

10   filing a Motion to Dismiss. (Dkt. #48, Ex. A). Thus, Maverick is properly a party in this case. *See*

11   *Woodruff*, 2004 WL 724886 *1. As Maverick is a Nevada corporation whose presence destroys

12   diversity, this Court does not have subject matter jurisdiction and the case is remanded to state

13   court for further proceedings.[2]

14   **III.    CONCLUSION**

15        IT IS THEREFORE ORDERED the case is REMANDED to state court for further

16   proceedings. The Clerk of the Court is instructed to close this case.

17

18        DATED THIS 13th day of January 2014.

19

20                                             ANDREW P. GORDON
21                                             UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27
     _____
     [2] Having determined that Maverick is a proper party to this suit, the Court need not determine
28   whether Maverick is a necessary party under FRCP 19.