UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD S. HACKETT, JR. and JENNIE HACKETT, <br><br> Plaintiffs, <br><br> v. <br><br> ONEWEST BANK FSB; MTC FINANCIAL, dba TRUSTEE CORPS, MAVERICK VALLEY PROPERTIES, LLC.; and DOES 1-10, inclusive, <br><br> Defendants. | Case No. 2:12-cv-1031-APG-VCF <br><br> **ORDER** |

MTC Financial ("MTC") has responded in writing after being ordered to show cause as to why the Court should not remand this case to state court for lack of subject matter jurisdiction. For the reasons discussed below, the Court remands this case to state court.

## I.   BACKGROUND

This case arises from an alleged wrongful foreclosure. Plaintiffs filed a Complaint in the Eighth Judicial District for the State of Nevada asserting four claims: (1) wrongful foreclosure against OneWest FSB ("OneWest") and MTC, (2) cancel corrective trustee's deed upon sale against OneWest and MTC, (3) quiet title against Maverick Valley Properties, LLC ("Maverick"), and (4) deceptive trade practices against MTC.[1]  The caption of the Complaint did not mention Maverick, but the body of the Complaint listed Maverick as a party and made a quiet title claim

---

[1] The Court has since dismissed Plaintiff's second and fourth claims. (Dkt. no. 19).

against it. MTC removed the case to this Court pursuant to diversity jurisdiction. MTC failed to list Maverick as a Defendant, to inform the Court of Maverick's citizenship, and to serve Maverick with the petition for removal. Because MTC had not filed the notice of removal in the state court docket, Maverick was unaware of the removal, and filed a motion to dismiss in state court. Maverick has since appeared in this Court and Plaintiffs have requested a ruling on Maverick's motion to dismiss filed in state court.

The Court ordered MTC to show cause why this case should not be remanded for lack of jurisdiction and clarify for the court: (1) whether Maverick is a proper party in this case, (2) Maverick's citizenship, and (3) whether Maverick is a necessary party under FRCP 19. In response, MTC argues Maverick is technically a non-party because Nevada and Federal Rules of Civil Procedure 10(a) require Plaintiff to list all parties in the caption and Maverick was not listed. Second, MTC concedes that Maverick is a Nevada corporation whose presence would destroy diversity jurisdiction. Last, MTC argues Maverick is not a necessary party because it would not be prejudiced by remaining a non-party.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Res.*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F.Supp.2d 949, 952 (D. Nev. 2004). A district court may *sua sponte* raise the issue of subject matter jurisdiction and must dismiss a case if no subject matter jurisdiction exists. Fed. R. Civ. P. 12(h). Because subject matter jurisdiction goes to the power of the court to hear a case, it is a threshold issue and district courts have an obligation to satisfy jurisdictional questions. Fed. R. Civ. P. 12(b)(1); *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

Naming each party in the caption of the complaint is required under the Federal Rules of Civil Procedure. FRCP 10(a). However, in broadly construing Plaintiffs' *pro se* Complaint, the

court looks to the body of the Complaint to determine whom the Plaintiffs intended to name as defendants. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding allegations of the *pro se* complaint to less strict standards than formal pleadings drafted by lawyers); *see also Woodruff v. Mueller*, No. C 02–3307 VRW, 2004 WL 724886 *1 (N.D.Cal. March 24, 2004).

In liberally construing Plaintiffs' *pro se* Complaint, it is clear that Plaintiffs intended to name Maverick as a defendant in this case but inadvertently omitted it from the caption. As evidence of their intent, Plaintiffs explicitly named Maverick as a party in the body of the Complaint and stated a discrete quiet title claim against Maverick. Moreover, based on the documentation MTC attached to its response, Maverick was served and appeared in state court by filing a Motion to Dismiss. (Dkt. #48, Ex. A). Thus, Maverick is properly a party in this case. *See Woodruff*, 2004 WL 724886 *1. As Maverick is a Nevada corporation whose presence destroys diversity, this Court does not have subject matter jurisdiction and the case is remanded to state court for further proceedings.[2]

### III. CONCLUSION

IT IS THEREFORE ORDERED the case is REMANDED to state court for further proceedings. The Clerk of the Court is instructed to close this case.

DATED THIS 13th day of January 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] Having determined that Maverick is a proper party to this suit, the Court need not determine whether Maverick is a necessary party under FRCP 19.

3